NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1052

BAYCHAR, INC. and BAYCHAR HOLDINGS LLC,

Plaintiffs-Appellants,

v.

SALOMON NORTH AMERICA, INC.,

Defendant-Appellee.

John W. Kepler, III, Gallop, Johnson & Neuman, LC, of St. Louis, Missouri, argued for plaintiffs-appellants. With him on the brief were Cathy J. Futrowsky and Daniel T. Simpson, Jr.

Donald A. Degnan, Holland & Hart LLP, of Boulder, Colorado, argued for defendant-appellee. With him on the brief was James E. Hartley, of Denver, Colorado.

Appealed from: United States District Court for the District of Maine

Judge D. Brock Hornby

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1052

BAYCHAR, INC. and BAYCHAR HOLDINGS LLC,

Plaintiffs-Appellants,

v.

SALOMON NORTH AMERICA, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the District of Maine in case no. 04-CV-136, Judge D. Brock Hornby.

_____

DECIDED:    June 18, 2008

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

In this infringement action, the district court entered a judgment of non-liability, holding, inter alia, that liability for patent infringement was precluded on the ground of implied license / patent exhaustion.

Defendant-appellee Salomon North America, Inc. ("Salomon") argues that the judgment of non-liability should be affirmed on the ground of implied license. The implied license holding was set forth in the Nov. 6, 2006, Order Affirming the Recommended Decision of the Magistrate Judge.  Although parts of the Nov. 6, 2006, <u>judgment</u> were vacated, the <u>decision</u> upon which that judgment rested was not vacated. Counsel for plaintiffs-appellants Baychar, Inc. and Baychar Holdings, LLC, ("Baychar")

conceded in oral argument that the Nov. 6, 2006, decision was incorporated into the final amended judgment of Sept. 10, 2007, and acknowledged that the final judgment "rests both on Judge Hornby's decision and on the [Nov. 6, 2006] decision." Oral Arg. at 7:30-7:43. On appeal, counsel raised no objection to the merits of the district court's finding of implied license. Any objection to this decision was therefore waived. Accordingly, the district court's judgment of non-liability is affirmed. We need not reach the other grounds asserted for affirmance of the judgment of non-liability.

The district court also held that claim 8 of U.S. Pat. No. 6,048,810 ("the '810 patent") was invalid, and entered a judgment of invalidity on Salomon's counterclaim. Counsel for Salomon advised us that we need not reach the issue of invalidity here, and agreed that the judgment of invalidity here could appropriately be vacated. See Oral Arg. at 13:51-14:12 ("[I]f this court affirms the Salomon decision . . . [on implied license or other grounds], Salomon would agree to have the collateral estoppel decision on invalidity by anticipation vacated . . . ."). The issue of invalidity of claim 8 of the '810 patent is before this court in a companion case, Baychar v. Burton Corp., No. 2008-1053 (Fed. Cir. filed Oct. 1, 2007), and will be resolved in that case. Accordingly, we vacate the district court's judgment of invalidity here.

<u>AFFIRMED IN PART, VACATED IN PART.</u>

COSTS

No costs.

2008-1052                                          2